**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

v.  CRIMINAL NO. 1:07CR111
                                         (Judge Keeley)

**MAURICIO MICHEL,**

        **Defendant.**

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTION TO SUPPRESS

I. Background

Before this Court is Defendant Mauricio Michel's ("Michel") motion to suppress certain oral statements. This Court referred the motion to United States Magistrate Judge John S. Kaull who, after conducting an evidentiary hearing, entered a report and recommendation ("R&R") on February 11, 2008, recommending that this Court deny the motion. On February 21, 2008, Michel filed an objection to the R&R. For the reasons stated below, this Court **ADOPTS** the R&R in its entirety and **DENIES** the motion to suppress.

In his motion, Michel argues that any inculpatory statements allegedly made by him immediately after the stabbing should be excluded because (1) Michel did not receive his Miranda warnings until after the questioning was completed, and (2) the pre-Miranda statements were involuntary. He claims that the guards threatened

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTION TO SUPPRESS**

him with a heavy sentence if he did not give the statements and falsely promised that he would not be prosecuted if he cooperated.

The government asserts in its response that, after the defendant made an initial voluntary statement ("the cop has been f*cking with us"), FBI Special Agent James Watson ("Agent Watson") read Michel his Miranda warnings from a standard government card that Agent Watson carries in his wallet, while Special Investigative Agent Bryan Antonelli ("Agent Antonelli") witnessed this exchange. Due to the urgency of the situation, neither government agent had a written waiver of rights form with him, but both agents contend that the defendant gave a verbal waiver. According to the government, after waiving his Miranda rights Michel made statements explaining his motivation for stabbing a corrections officer. Agent Watson made contemporaneous notes of the statements which were attached to the government's response as an exhibit.

At the evidentiary hearing, both agents testified that Agent Watson read Michel his rights and obtained a verbal waiver before taking a statement from him. The agents also testified that, when Michel later indicated he wished to stop talking, the interview ended. Agent Watson observed that, during the interview, Michel

appeared agitated about the incident in the prison but did not appear to be physically injured. Both agents testified that no promises or threats were made to Michel during the interview. During the hearing, Michel continued to assert that he had not received his <u>Miranda</u> warnings and that he in fact was threatened.

Michel objects to the conclusion of the Magistrate Judge that the defendant "did affirm that he both understood his rights and agreed to talk." He argues that the evidence presented at the hearing creates a doubt as to whether he stated that he both understood his rights and agreed to speak. He argues that, because the final question was put to him in the conjunctive, there is a good faith basis to conclude that he did not understand all of his rights. He points out that the agents failed to use a standard release form in this case, which would have provided a written record of any alleged waiver. He also argues that the testimony of the two agents failed to corroborate each other because only one agent testified that Michel affirmed his understanding of each individual right as it was read to him.

<u>II. Legal Standards</u>

USA v. Mauricio Michel                                          1:07CR111

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTION TO SUPPRESS**

As discussed in the R&R, <u>Miranda</u> warnings are required when a subject in custody is interrogated. <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966). Statements volunteered by a defendant in custody, however, are not implicated by <u>Miranda</u>. <u>Rhode Island v. Innis</u>, 446 U.S. 291, 300 (1980). Further, casual conversation or statements of agents about evidence which were not designed to elicit an incriminating response are not "interrogation" for <u>Miranda</u> purposes. <u>See</u> <u>United States v. Payne</u>, 954 F.2d 199 (4th Cir. 1992). A valid wavier "need not be explicit, but may be inferred from all the circumstances." <u>United States v. Hicks</u>, 748 F.2d 854, 859 (4th Cir. 1984).

This Court reviews objections to the R&R <u>de novo</u> but may adopt without substantive review[1] any portion of the R&R to which no party objects.

<u>III. Analysis</u>

After considering all the evidence, Magistrate Judge Kaull found the agents' testimony to be more credible than Michel's, due in part to his finding that each agent's testimony supported that

---

[1] The failure of either party to object to a particular portion of the Report and Recommendation not only waives its appellate rights on that issue, but also relieves the Court of any obligation to conduct a <u>de novo</u> review of the issue presented. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 148-153 (1985); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 199-200 (4th Cir. 1997).

4

**USA v. Mauricio Michel**                                                    **1:07CR111**

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTION TO SUPPRESS**

of the other.  Pursuant to that testimony, Magistrate Judge Kaull found that Agent Watson's initial greeting to Michel ("What's up?") was meant as an icebreaker or type of casual conversation, not a statement intended to elicit an incriminating response.  Magistrate Judge Kaull found it credible that, after hearing the defendant's response, Agent Watson immediately produced his <u>Miranda</u> card, read the defendant his rights and obtained an oral waiver before proceeding further.

 After reviewing the record as a whole, the Court finds that the testimony of the agents is more credible than that of the defendant.  The Court also finds that, despite Michel's objection, the statements of the agents do corroborate each other in all material respects, including the fact of Michel's oral waiver.  Agent Watson had a solid, independent recollection of reading the defendant his rights, including asking Michel if he understood each right before going on to the next right, and then asking Michel if he wanted to talk.  Although Agent Antonelli did not recall the specifics of the exchange, he did recall that at the time there was no doubt in his mind that the defendant understood his rights and was willing to talk.  The agents testified that they did not have a standard waiver of rights form with them because of the urgency

of the situation. Magistrate Judge Kaull found all of that testimony credible. This Court agrees.

Magistrate Judge Kaull properly applied the rule from <u>United States v. Hicks</u>, and found, from the totality of the circumstances, that Michel affirmed that he both understood his rights and agreed to talk. Magistrate Judge Kaull also found that the evidence that Michel later changed his mind and terminated the interview further evinced that Michel understood his rights and had waived them up to that point.

Magistrate Judge Kaull found credible the testimony of the agents that there had been no coercion, threats, or promises made during the interrogation. He also found, from the totality of the circumstances, that Michel had made the statements voluntarily. The Court agrees with those findings.

## IV. Conclusion

This Court finds that Michel's constitutional rights were not violated and that the statements are properly admissible as admissions of the defendant. As such, this Court **ADOPTS** the R&R in its entirely and **DENIES** Michel's motion to suppress (dkt. no. 12).

It is so **ORDERED**.

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTION TO SUPPRESS**

The Clerk of the United States District Court for the Northern District of West Virginia is directed to transmit copies of this Order to the counsel of record and all appropriate agencies.

DATED: March 6, 2008.

/s/ Irene M. Keeley  
IRENE M. KEELEY  
UNITED STATES DISTRICT JUDGE